CABASSA, PLAINTIFF AND APPELLEE, *v.* REYES, PLAINTIFF
AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
of Unlawful Detainer.

No. 1955.—Decided May 5, 1919.

UNLAWFUL DETAINER—AMBIGUITY.—There is no ambiguity in a complaint in unlawful detainer in which the plaintiff alleges that he is the owner of the property described and that the house occupied by the defendant at sufferance is situated on the said property.

ID. — ID. — DEMURRER — DESCRIPTION OF PROPERTY. — A general demurrer on the ground of insufficient facts to constitute a cause of action does not lie against a complaint in unlawful detainer in which, although the house whose possession is sought to be recovered is not described, the land on which the house is situated is described with sufficient clearness as to enable the officer of the court to execute a judgment of unlawful detainer.

ID.—ID.—AIDER—COMPLAINT.—Any defect in a complaint, such as failure to describe clearly the property in litigation, is cured by the answer when it supplies the deficiency in the complaint.

ID.—EVIDENCE—TITLE—NEGATIVE CERTIFICATE.—In order to prove his ownership of the property in litigation in an action of unlawful detainer the plaintiff need only present a copy of his title recorded in the registry, and it is not necessary for him to present a certificate of the registrar to the effect that there is no entry in the registry journal of the presentation of any deed conveying the property to another person.

ID.—ID.—When the plaintiff not only presents his title deed to the property as recorded in the registry but also shows that with his own money and materials he constructed the house occupied and held rent free by the defendant at the sufferance of the plaintiff, this is sufficient evidence to support a judgment of unlawful detainer.

ID.—ID.—APPEAL.—The conflicting evidence as to the terms under which the defendant occupied the house in litigation having been adjusted in favor of the plaintiff, this court will not disturb the judgment of the lower court unless it is shown that its decision was erroneous.

ID.—COSTS AND ATTORNEY FEES—DISCRETION OF COURT.—According to section 327 of the Code of Civil Procedure as amended on April 12, 1917, as an action of unlawful detainer is a special proceeding the successful litigant is entitled to costs and, at the discretion of the court, to attorney fees.

The facts are stated in the opinion.
*Messrs. Herminia* and *Leopoldo Tormes* for the appellant.

*Mr. José Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this action of unlawful detainer brought in the District Court of Mayagüez it was alleged in the complaint that the plaintiff, Jacobo L. Cabassa, was the owner of a described rural property and that the defendant, Carmen Reyes, without paying any rent and by the mere tolerance of the plaintiff, held possession of a certain house situated on the said property, the prayer being that judgment be given for the eviction of the defendant.

Judgment was entered as prayed for and in support of her appeal therefrom the appellant alleges that the lower court erred in overruling her demurrer that the complaint was ambiguous and did not allege facts sufficient to constitute a cause of action.

The appellant contends that the complaint is ambiguous because it does not specify whether the non-payment of rent is for the possession of the house which she occupies or of the part of the property on which the house is situated; and, further, because the prayer does not specify what the appellant should vacate.

There is no such ambiguity, because as the plaintiff alleges that he is the owner of the property described and that the house occupied by the defendant is situated on the said property, it is to be presumed, according to section 368 of the Civil Code, that the plaintiff is also the owner of the house erected thereon and occupied by the appellant; therefore the detention refers to the house as well as to the land on which it stands, both being the property of the plaintiff.

Nor do we see any ambiguity in the form of the prayer, for although it only asks for the eviction of the defendant, it necessarily refers to eviction from the house mentioned in the complaint.

As to the insufficiency of the facts alleged to constitute a cause of action, the demurrer was bad also, for although the house to be vacated is not described in the complaint, the

land on which the house is situated is described with suf-
ficiency clearness as to enable the officer of the court to execute
a judgment against the defendant.

If there was any defect in the complaint on that point it
was cured by the defendant's answer, wherein the house in
controversy was described.

For the purpose of proving his ownership the plaintiff
introduced at the trial a certificate of the clerk of the Dis-
trict Court of Mayagüez showing the adjudication to him of
the property in litigation by the District Court of Mayagüez
in 1914 in a proceeding for the division of community prop-
erty and certifying that it had been recorded in the registry
of property.

With reference to this document the appellant now con-
tends for the first time that the court erred in admitting it
in evidence, because the best evidence of the plaintiff's own-
ership would be a certificate of the registrar of property
showing that there is no entry in the registry journal of the
presentation of any deed conveying the property to another
person.

It was unnecessary to present such a certificate. The
proof of the plaintiff's ownership is his recorded title.

The fourth ground of appeal is based on the contention
that the court erred in overruling the motion of the defend-
ant-appellant for dismissal of the complaint because no evi-
dence had been introduced to support it, but there is no such
error, for the plaintiff not only presented his title of owner-
ship of the land on which the house in question is situated, but
also testified that he had constructed the said house with his
own money and materials and that it was occupied by the
defendant at his sufferance for an unlimited period and free
of rent, and this is sufficient to support the essential aver-
ments of the complaint.

The appellant alleges also that the lower court committed
manifest error in weighing the evidence and in sustaining
the complaint, and that it also was influenced by passion and

prejudice and committed gross error in adjudging that the appellant should pay the costs, expenses, disbursements and attorney fees.

The defendant introduced the testimony of witnesses in support of her defense that the house was built by the plaintiff to be occupied by her pending the partition of the estate of Leopoldo Cabassa, who died on September 3, 1917, for the reason that she was his legatee in the sum of $4,000 and that she was pregnant as a result of her concubinage with him.

The evidence on this point was in conflict, as we have already said, with that of the plaintiff, who also testified that he permitted the defendant to occupy the house because she was the daughter of his overseer.

The defendant did not allege or introduce evidence to prove her ownership, and as to the terms under which she occupied the house, the trial judge adjusted the conflict in the evidence on this point in favor of the plaintiff and there is nothing before us to justify a holding that his decision was erroneous.

As to the costs, the passion, prejudice and gross error ascribed to the court consist in the fact that although the plaintiff prayed for eviction only and was silent as to costs, the trial judge imposed upon the appellant the costs, disbursements, expenses and attorney fees.

Inasmuch as section 327 of the Code of Civil Procedure, as last amended on April 12, 1917, provides that parties to actions or proceedings are entitled to costs and expenses subject to the rules thereinafter provided, and subdivision 4 of section 328 provides that costs shall be allowed to the plaintiff as of course in a special proceeding, which is the character of an action of unlawful detainer, there was no error in imposing upon the defendant-appellant the costs, disbursements and attorney fees, for, according to said section 327 as amended, where costs have been allowed to one party in an action or proceeding in a district court, said party shall,

in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; provided, that the judge shall take into consideration the degree of blame of the party against whom the judgment is entered and that attorney fees shall not be adjudged against a defendant who shall not have entered appearance.

For the foregoing reasons the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.